Conrad F. Cropsey, Esq. Village Attorney, Albion
You have asked whether a member of the village board of trustees remains eligible to hold that office should he move outside the village limits after his forthcoming marriage while continuing to claim his parents' home as his residence.
Section 3 of the Public Officers Law provides that:
 "no person shall be capable of holding a civil office who shall not, at the time he be chosen, be * * * a resident of the state, and if it be a local office, a resident of the political subdivision or municipal corporation of the state for which he shall be chosen, or within which his official functions are required to be exercised." (Emphasis provided.)
Section 30(4) of the Public Officers Law further provides that:
"Every office shall be vacant upon:
 "4. His ceasing to be an inhabitant of the state, or if he be a local officer, of the political subdivision or municipal corporation of which he is required to be a resident when chosen * * * before the expiration of the term." (Emphasis provided.)
Section 3-300(1) of the Village Law also provides that:
 "No person shall be eligible to be elected * * * as * * * trustee * * * and, no person, if elected * * * to such office, shall be eligible to continue to serve therein, who is not * * * a resident of the village." (Emphasis provided.)
The words "resident" and "inhabitant" as found above have been construed to mean "domicile" (1977 Op Atty Gen [Inf] 271). Domicile requires an intention to make a residence a permanent and fixed home (Matter ofNewcomb, 192 N.Y. 238 [1908]). "A temporary residence for a temporary purpose, with intent to return to the old home when that purpose has been accomplished, leaves the domicile unchanged * * *" (id. at 251). Thus a person may have several residences in the normal sense of the word, but only one domicile (1974 Op Atty Gen [Inf] 213).
Where domicile is in question, a determination must be made based upon the facts of each case (1977 Op Atty Gen at 273). Therefore, it is necessary that you locally discern the facts in relation to the trustee's residence to determine whether he continues to be domiciled in the village.
We conclude that a member of the village board of trustees must be domiciled within the village in order to continue in office and that domicile is determined by applying the facts of each case.